# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2338 | **DATE** | 5/3/2002 |
| **CASE TITLE** | AT&T Broadband vs. Private Cable Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth in the attached order, defendant's request for further modification of the temporary restraining order is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 7 2002 date docketed | 12 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 02 MAY -6 PM 2:56 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AT&T BROADBAND, )
)
      Plaintiff, )
)
vs. ) Case No. 02 C 2338
)
PRIVATE CABLE SYSTEMS, INC. )
and LUIS CORONA, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

**DOCKETED**
**MAY 0 7 2002**

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, AT&T Broadband, is a cable television provider who has sued the defendants, Private Cable Systems, Inc. and Luis Corona, under a federal statute that bars persons from receiving, or assisting others to receive, cable television services without authorization from the provider. 47 U.S.C. §553. AT&T alleges that the defendants are selling cable decoder boxes which enable non-subscribers of AT&T's services to obtain service illegally. On April 3, 2002, the Court issued an *ex parte* temporary restraining order which, among other things, restrained defendants from offering or selling such devices, precluded them from destroying or removing a variety of records, and froze their assets pending a hearing on a motion for preliminary injunction. The order also permitted AT&T to serve expedited discovery requests on defendants. *See generally Suppressed v. Suppressed,* 109 F. Supp. 2d 902 (N.D. Ill. 2000).

Defendants, both represented by the same attorney, have requested release of certain

/2

funds to pay for counsel and for Corona's living expenses. The Court granted this request in part, agreeing to modify the TRO to permit Corona to use freely any funds that he earned from employment unrelated to the sale of decoders. Defendants also requested permission to use $20,000 from the frozen assets, to be drawn from equity in unidentified real estate. AT&T objected because defendants had declined, citing the Fifth Amendment, to respond to AT&T's discovery requests seeking identification of defendants' assets. The Court asked the parties to address whether the information sought by AT&T would tend to incriminate defendants, and they have now done so.

PCS, a corporation, has no Fifth Amendment privilege, *Braswell v. United States*, 487 U.S. 99, 106-07 (1988), so it is not entitled to decline to answer discovery requests on that basis. The rest of our discussion thus will concern Corona. Unfortunately, his written submission largely misses the point. He spends most of it arguing that requests to identify assets and produce documents seek testimonial disclosures (and thus the Fifth Amendment applies), a proposition with which the Court has no quarrel. But our question was how, in this particular case, disclosure of Corona's assets would disclose or lead to incriminating evidence or would provide a link in the chain of evidence needed to prosecute him – the predicate for the assertion of the Fifth Amendment privilege. *See, e.g., Doe v. United States*, 487 U.S. 201, 208-09 n.6 (1988); *Hoffman v. United States*, 341 U.S. 479, 486 (1951). Corona essentially sidesteps this question, saying only that "[c]ompelling the individual Defendants [sic] to disclose all assets would tacitly attribute testimony to the individual Defendants [1] that such assets exist, [2] that the Defendants have dominion and control over those assets, [3] that those assets are within the category of assets frozen by this Court and further, [4] that those assets have their genesis either

2

totally, or in part, in the activities complained of by the Plaintiff." Dfdt. Submission, p. 5. But Corona has not even tried to explain how disclosure regarding the first three of these four subjects would tend to incriminate them, and we are unwilling simply to assume that that would occur. If the fourth subject – that particular assets came from sale of decoder boxes – were implicated by one or more of AT&T's discovery requests, then a response certainly could implicate the Fifth Amendment, and Corona could assert the privilege and decline to answer that particular question or questions (though understanding that in a civil proceeding like this one, an inference adverse to him can be drawn from his assertion of the privilege). But because Corona has given us no reason to believe that *all* of AT&T's requests are within that category, he has not justified his blanket refusal to respond.

This determination is in no way contrary to this Court's ruling in *Suppressed v. Suppressed*. The proposed TRO provision that we declined to enter in that case primarily involved a court-ordered disclosure of the proceeds of decoder sales, and thus ordering a response would have directly infringed the privilege against self-incrimination. Though we also declined to include in the TRO a court-ordered disclosure of assets, the plaintiff in that case had not distinguished that request from its more pointed "proceeds" inquiry, and furthermore the order was sought on an *ex parte* basis without the defendant having the chance to object before being required to answer. Those circumstances, which led the Court to decline to include asset disclosure as part of an *ex parte* TRO, have no bearing on the present case, which involves a discovery request (not a court order), proceedings which are no longer *ex parte,* and a represented defendant.

In sum, based on the current record, we have no basis to conclude that Corona's Fifth

3

Amendment privilege is actually implicated by all of AT&T's discovery requests. We thus return to defendants' request to unfreeze $20,000 in assets. In view of Corona's at-present unjustified blanket refusal to disclose his assets, we are unwilling at this time to lift the TRO-imposed freeze beyond what we have already done. If Corona can make a showing as to how the requests implicate his Fifth Amendment privilege, we will revisit the issue and will at that time entertain the possibility of requiring *in camera* disclosure of assets, as is sometimes done in the roughly analogous situation in which a person charged with a crime seeks appointment of counsel but has Fifth Amendment concerns about filling out the asset-disclosure form required in such matters. *See, e.g., United States v. Salemme*, 985 F. Supp. 197, 202 (D. Mass. 1997).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 3, 2002